Case 1:10-cv-00082-JTN ECF No. 1, PageID.1 Filed 01/27/10 Page 1 of 8

FILED - GR
January 27, 2010 3:39 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald__/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **Bridget Tolliver,** | ) |
| Plaintiff, | ) ) ) Hon. |
| v. | ) ) |
| **NCO Financial Systems, Inc.,** a Pennsylvania corporation, | ) ) ) |
| Defendant. | ) ) |

**1:10-cv-82**
Janet T. Neff
U.S. District Judge

**Complaint**

**I.    Introduction**

1.    This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

**II.    Jurisdiction**

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331.  This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367.  Venue in this judicial district is proper because the pertinent events took place here.

**III.    Parties**

3.    Plaintiff Bridget Tolliver is a natural person residing in Kent County, Michigan. Ms. Tolliver is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. Tolliver is a "consumer," "debtor" and "person" as the terms are defined and/or used in the

1

MOC.

4. Defendant NCO Financial Systems, Inc. ("NCO") is a Pennsylvania corporation doing business at 507 Prudential Road, Horsham, Pennsylvania 19044. NCO is qualified to do business in Michigan. The registered agent for NCO is The Corporation Company, 30600 Telegraph Road, Suite 2345, Bingham Farms, Michigan 48025. NCO uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. NCO regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NCO is a "debt collector" as the term is defined and used in the FDCPA. NCO is a "collection agency" and a "licensee" as the terms are defined and used in the MOC.

IV. Facts

5. Ms. Tolliver has an account (No. xxxx xxxx xxxx 7466) with Applied Bank which she used to purchase goods and/or services for personal, family or household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and/or used in the FDCPA and MOC.

6. In or about August 2008, Ms. Tolliver had a disagreement with Applied Bank regarding the account. Ms. Tolliver wrote Applied Bank and stated that she disputed the alleged debt.

7. Ms. Tolliver continues to dispute the debt.

8. Ms. Tolliver refuses to pay the disputed debt.

9. Apparently, Applied Bank or a successor in interest hired NCO to collect the disputed debt from Ms. Tolliver.

10. Alternatively, NCO purchased the debt after the account allegedly became

delinquent.

11. In January 2010, a NCO employee telephoned Ms. Tolliver and left the following recorded message on Ms. Tolliver's answering machine or voice mail: "This is an important message meant solely for Bridget Tolliver. My name is Mr. [Kerr?] calling from the pre-legal department here at NCO Financial. I need an immediate response from you today at telephone number 443-263-3043. Please refer to reference ID, K like in kite, R like in Robert, 9801. Once again, this is Mr. [Kerr?] from the pre-legal department and I do need an immediate response from you as soon as possible. Thank you."

12. The recorded message left by the NCO employee on Ms. Tolliver's voice mail conveyed information regarding a debt directly or indirectly to Ms. Tolliver.

13. The recorded message left by the NCO employee on Ms. Tolliver's voice mail was a "communication" as the term is defined and/or used in the FDCPA and MOC.

14. NCO and its employee left a recorded message on Ms. Tolliver's voice mail that did not disclose in the message that the telephone call was from a debt collector.

15. By failing to disclose in a recorded message left by NCO on Ms. Tolliver's voice mail that the caller was a debt collector, NCO violated the FDCPA, 15 U.S.C. § 1692e(11).

16. When NCO left the recorded message for Ms. Tolliver on her voice mail, NCO was aware or should have been aware of multiple published federal district court opinions in which the courts held that it is unlawful for a debt collector to leave a recorded message for a debtor/consumer without identifying itself as a debt collector. *See Joseph v. J.J. Mac Intyre Companies, L.L.C.*, 281 F.Supp.2d 1156 (N.D. Cal. 2003); *Hosseinzadeh v. M.R.S. Associates, Inc.*, 387 F.Supp.2d 1104 (C.D. Cal. 2005); *Foti v. NCO Financial Systems, Inc.*, 424 F.Supp.2d

643 (S.D.N.Y. 2006).

17. NCO has been sued in the past for allegedly leaving a recorded message for a debtor/consumer without identifying itself as a debt collector in violation of the FDCPA.

18. In January 2010, it was the practice of NCO in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine without disclosing in the message that the telephone call was from a debt collector.

19. In January 2010, NCO and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script failed to disclose that the caller was a debt collector.

20. In January 2010, NCO did not require its employees when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine to state that the caller was a debt collector.

21. The NCO collector violated NCO's internal policy by leaving a message on Ms. Tolliver's voice mail or telephone answering machine without disclosing that the caller was a debt collector.

22. Alternatively, the NCO collector did not violate NCO's internal policy by leaving a message on Ms. Tolliver's voice mail or telephone answering machine without disclosing that the caller was a debt collector.

23. The message left by the NCO employee on Ms. Tolliver's voice mail or telephone answering machine did not reveal the purpose of the telephone call.

24. The message left by the NCO employee on Ms. Tolliver's voice mail or telephone

answering machine concealed the purpose of the telephone call.

25. The left by NCO and its employee on Ms. Tolliver's voice mail or telephone answering machine concealed or did not reveal the purpose of the communication, which violated the MOC, M.C.L. § 339.915(e).

26. In January 2010, it was the practice of NCO in connection with the collection of debts to leave a recorded message on the consumer's voice mail or telephone answering machine which message concealed or did not reveal the purpose of the communication.

27. In January 2010, NCO and its employees when telephoning consumers in connection with the collection of a debt used a script and left a recorded message on the consumer's voice mail or telephone answering machine which script concealed or did not reveal the purpose of the communication.

28. In January 2010, NCO allowed its employees to conceal the purpose of the communication when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine.

29. In January 2010, NCO did not require its employees to reveal the purpose of the communication when telephoning consumers in connection with the collection of a debt and leaving a recorded message on the consumer's voice mail or telephone answering machine.

30. In the one-year period immediately preceding the filing of this complaint, NCO and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, failing to disclose in the message that the communication was from a debt collector.

31. In the one-year period immediately preceding the filing of this complaint, NCO

and its collectors left recorded messages on the voice mail or telephone answering machine of more than one hundred consumers residing within the State of Michigan, which messages concealed or did not reveal the purpose of the telephone call.

32. The statement by the NCO employee that he was calling from the "pre-legal" department was false.

33. The acts and omissions of NCO and its employee done in connection with efforts to collect a debt from Ms. Tolliver were done wilfully.

34. NCO and its employee wilfully violated the FDCPA and MOC.

35. As an actual and proximate result of the acts and omissions of defendant and/or its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, embarrassment, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V.  Claims for Relief

### Count 1– Fair Debt Collection Practices Act

36. Plaintiff incorporates the foregoing paragraphs by reference.

37. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted

      collection of a debt; and

c)     Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

b)     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

d)     Such further relief as the court deems just and proper.

### Count 2– Michigan Occupational Code

38.     Plaintiff incorporates the foregoing paragraphs by reference.

39.     Defendant has violated the MOC. Defendant's violations of the MOC include, but are not necessarily limited to, the following:

a)     Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b)     Defendant violated M.C.L. § 339.915(e) by concealing or not revealing the purpose of a communication when it is made in connection with collecting a debt;

c)     Defendant violated M.C.L. § 339.915(g) by communicating with a debtor without accurately disclosing the caller's identity; and

d)     Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a)     Actual damages pursuant to M.C.L. § 339.916(2);

b)  Treble the actual damages pursuant to M.C.L. § 339.916(2);

c)  Statutory damages pursuant to M.C.L. § 339.916(2); and

d)  Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: January 27, 2010

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com

8